IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **IAN LEONARD CLARK**, | Case No. 3:22-cv-932-SB |
| Plaintiff, | **ORDER** |
| v. | |
| **NEIGHBORHOOD HEALTH CENTER**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff, proceeding *pro se*, filed suit against a dental practice and three individual practitioners. The United States moved to dismiss for lack of subject matter jurisdiction, arguing that its filings in the related case of *Clark v. United States*, No. 3:22-cv-931-SB, regarding why it is the proper defendant should be considered in this case, and the United States should be substituted as the sole defendant. Plaintiff filed a motion to remove the attorney representing the United States from this case.

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on February 7, 2023. Judge Beckerman recommended that this

PAGE 1 – ORDER

Court substitute the United States as the sole defendant, grant the United States' motion to dismiss based on lack of subject matter jurisdiction for failure to exhaust administrative remedies under the Federal Tort Claims Act (FTCA), and deny Plaintiff's motion to remove counsel for the United States.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. Plaintiff argues that Judge Beckerman erroneously analyzed this case as raising tort claims covered by the FTCA, when Plaintiff is bringing a civil rights action under Title VI of the Civil Rights Act of 1964. Plaintiff argues that because he is

PAGE 2 – ORDER

bringing claims of discrimination, he can bring claims against the individual defendants and his claims are not subject to the FTCA exhaustion requirement. Plaintiff also argues that the Court should recuse Judge Beckerman, but the Court already addressed these arguments and denied this request. *See* ECF 27.

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In considering a motion to dismiss, the Court accepts as true *well pleaded factual* allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court does not accept as true labels, conclusions, a simple recitation of the elements, or legal assertions. *Id.* at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

Plaintiff argues that he is bringing a Title VI discrimination claim based on his national origin. Plaintiff, however, does not allege facts plausibly supporting such a claim against any defendant. The only facts he alleges relating to a national origin discrimination claim is that a clerical assistant, not a defendant in this case, asked him where he was from and when he responded England, that person commented "Ugh" and "that country!" Plaintiff specifically alleges that the dentist (a Defendant) who treated him that day was not antagonistic and did not ask about Plaintiff's national origin or make any disparaging comments about his national origin. Plaintiff makes no allegations relating to national origin about the second dentist or the dental

assistant (both Defendants) who later treated him. Plaintiff appears to be contending that the conduct of the assistant who allegedly made the discriminatory comment can somehow be imputed onto everyone in the office, or possibly show some motive or intent on behalf of the individual defendants. Plaintiff, however, alleges no facts supporting any national origin discrimination by any defendant or even knowledge by them of the alleged conduct, and a sheer possibility because of a connection to a person who Plaintiff alleges made a discriminatory comment is not enough. Plaintiff's allegations regarding the unnamed clerical assistant are insufficient to state a claim against the practice because Plaintiff does not allege any adverse action by or harm caused by that employee.

The Court does not accept the Title VI label given by Plaintiff—it is the substance of his claim that governs. Indeed, the Ninth Circuit, in considering whether a different provision of the FTCA barred a claim, explained that "this circuit looks beyond the labels used to determine whether a proposed claim is barred under [the FTCA]. We look beyond the party's characterization to the conduct on which the claim is based." *Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006) (cleaned up). This is because "[t]o hold otherwise would permit evasion of the substance of [the FTCA's] exclusion of liability." *Id.* (quotation marks omitted). Here, to do otherwise would permit evasion of the FTCA's exhaustion requirement. The Ninth Circuit instructs courts to "[e]xamin[e] the substance of Plaintiff's complaint" to find its "gravamen." Plaintiff's complaint, as analyzed by Judge Beckerman, alleges a dental malpractice claim. Thus, the Court rejects Plaintiff's assertion that he has alleged a Title VI claim.

For those portions of Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

PAGE 4 – ORDER

The Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 23. The Court GRANTS the United States' request to be substituted as the sole defendant in this case. The Court GRANTS the United States' motion to dismiss, ECF 15. The Court DENIES Plaintiff's motion to remove the United States' counsel, ECF 19. This case is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED this 2nd day of March, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
